Allison V. Saunders (SBN 220010)
asaunders@fordharrison.com
Hilda Aguilar (SBN 276459)
haguilar@fordharrison.com
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone: (213) 237-2400
Facsimile: (213) 237-2401

Attorneys for Defendant,
SHRINERS HOSPITALS FOR CHILDREN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE ("CONNIE") MARSHALL-BIRDSONG,<br><br>Plaintiff,<br><br>vs.<br><br>SHRINERS HOSPITALS FOR CHILDREN, and DOES 1 through 30, inclusive,<br><br>Defendant. | CASE NO.: 1:23-at-1048<br><br>**DEFENDANT SHRINERS HOSPITALS FOR CHILDREN'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Action Filed:     October 17, 2023<br>Date of Removal:  December 20, 2023 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant Shriners Hospitals for Children ("Defendant") hereby removes the state court action described herein, filed in the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This case is being removed upon grounds of complete diversity of citizenship as follows:

/ / /

/ / /

WSACTIVELLP:14028782.1                                      1

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL

## I.  **INTRODUCTION**

1. On October 17, 2023, Plaintiff Constance Marshall-Birdsong ("Plaintiff") filed a lawsuit entitled, *Constance ("Connie") Marshall-Birdsong v. Shriners Hospitals for Children*, in the Superior Court of the State of California, County of Sacramento, Case No. 23CV010282 ("Complaint"). (Declaration of Hilda Aguilar ("Aguilar Decl.") ¶ 4.)

2. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Defendant in this action, is attached to the Declaration of Hilda Aguilar as **Exhibit A**. (Aguilar Decl. ¶¶ 5-6, Ex. A.)

3. Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Defendant and/or filed in the State Court Action with the exception of Plaintiff's Request for a Fee Waiver, which the Superior Court considers a sealed document and will not provide to Defendant. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court of California, County of Sacramento, or served by any party. (Aguilar Decl. ¶¶ 5-6.)

## II.  **NATURE OF THE SUIT**

4. The Complaint filed in the State Court Action alleges the following causes of action: (1) perceived disability/medical condition discrimination; (2) failure to engage in the good faith interactive process; (3) failure to accommodate religious beliefs and perceived disability/medical condition; (4) failure to take all reasonable steps to prevent harassment, discrimination, and retaliation; (5) retaliation pursuant to Government Code §§ 12940(h) and 12653; (6) wrongful termination; (7) unfair business practices pursuant to Business and Professions Code § 17200; (8) religious harassment and discrimination; (9) failure to provide meal periods pursuant to Labor Code § 226.7; (10) failure to reimburse business expenses; and (11) failure to produce personnel file and payroll records.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

### III.   BASIS FOR REMOVAL: DIVERSITY

5.    A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. § 1332(a).  "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  Therefore, a state court action may be removed if (1) the action is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Each of these requirements is met in this case.

### A.   Complete Diversity of Citizenship

6.    Plaintiff is a California resident. (Compl. ¶ 3, Ex. A.) "The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).  In the instant case, no facts have been adduced to rebut the presumption that Plaintiff is domiciled in California.  Therefore, Plaintiff is a citizen of the State of California for diversity purposes. Plaintiff's payroll records including wage statements confirm that Plaintiff resides in California. Declaration of Linda Fonseca ("Fonseca Decl."), ¶ 4; **Exhibit 1**. Plaintiff's employment files also indicate that throughout Plaintiff's employment, she has always lived in California. *Id.* Therefore, Plaintiff is a citizen of the State of California for diversity purposes.

7.    A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1). The United States Supreme Court has defined a corporation's principal place of business as "where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010) (internal quotations omitted).  In practice, this location will be "where the corporation maintains its headquarters."  *Id.*

/ / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL

8.    At the time that Plaintiff filed the Complaint and at the time of this Notice of Removal, Defendant was and is a corporation incorporated under the laws of the State of Colorado with its principal place of business and headquarters in Florida.  Attached to the Declaration of Hilda Aguilar as **Exhibits B** and **C** are true and correct copies of online printouts of the California Secretary of State's and Florida Department of State's websites, which identify Defendant as a Colorado corporation with its principal place of business at 2900 Rocky Point Drive, Tampa, Florida 33607.  (Aguilar Decl. ¶¶ 7-8, Ex. B and C.)

9.    Defendant is not a citizen of the State of California and is a citizen of a different State than Plaintiff. Complete diversity jurisdiction exists between the Defendant and Plaintiff.

### B.    Amount in Controversy

10.    A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation.  *Dart Cherokee Basin Operating Co., LLC v. Owens¸* S. Ct. 547, 554 (2014); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

11.    While Defendant denies any liability to Plaintiff whatsoever, Defendant asserts, based on the allegations in the Complaint and Plaintiff's prayer for relief, that the amount in controversy exceeds $75,000.

12.    Plaintiff worked as a Security Officer. (Compl. ¶ 14, Ex. A.)  Plaintiff alleges that she was terminated on October 29, 2021. (Compl.¶18, Ex. A.) She last earned an hourly rate of $23.12. With respect to Plaintiff's wage and hour claim, the applicable time period is four years running from November 9, 2019 to October 29, 2021 based on the date of filing of the Complaint and her termination date.

13.    By this lawsuit, Plaintiff seeks economic damages (lost wages and other employment benefits in an amount according to proof), reimbursement for necessary

business expenses, non-economic damages (emotional distress, anxiety, depression, tension, loss of sleep and humiliation), general damages, special damages, statutory penalties and premiums, exemplary and punitive damages, attorneys' fees and costs of suit, and prejudgment and post-judgment interest. (Compl. ¶¶ 28-31, 54, 100, 105 and Prayer for Relief, Ex. A.)

14.    Based on Plaintiff's hourly rate of $23.12, estimating conservatively that she worked approximately 55 hours per biweekly pay period, and based on her date of termination, Plaintiff's back pay claim is presently worth approximately $37,830.10 (weekly salary of $635.80 ($23.12 per hour x 27.5 hours) x 59.5 weeks since her October 29, 2021 termination).

15.    Plaintiff also seeks to recover her future wages. *Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (holding that because the plaintiff was 52 years old, he could potentially recover 13 years' of lost wages). Although Defendant denies such relief would be appropriate, even one year of front pay would equal $33,061.60 (weekly salary of $635.80 ($23.12 per hour x 27.5 hours) x 52 weeks.

16.    As such, the amount in controversy with respect to Plaintiff's front pay and back pay claims alone exceeds $70,891.70.

17.    Plaintiff alleges in the ninth cause of action that Defendant failed to provide meal periods in violation of California Labor Code §§ 226.7. Assuming *arguendo* that Plaintiff's allegations that she was not provided any meal breaks, for Plaintiff's meal breaks claim, there is a potential estimate of at least $11,889.46 (1 meal break premium due per day x 5 days/week x 102.85 weeks x $23.12 per hour).

18.    Plaintiff alleges in the eleventh cause of action that Defendant failed to produce personnel file and payroll records pursuant to Labor Code §§ 226, 432, and 1198.5. Assuming *arguendo* that Plaintiff's allegations that she was not provided her requested personnel file and payroll records, for Plaintiff's failure to produce personnel file and payroll records claim, there is a potential estimate of $1,500 ($750

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL

penalty for the failure to produce personnel records and $750 penalty for failure to produce payroll records).

19.    Plaintiff is also seeking to recover her attorneys' fees and costs pursuant to Civil Code § 1021.5, California Government Code §§ 12953 and 12965(b), and Labor Code §§ 226, 226.7, 432, 558, 1198.5, and 2802.  (Compl. at Prayer for Relief, Ex. A.) It is well-settled that when authorized by statute, attorneys' fees are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail).  While Plaintiff's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Plaintiff could incur in the course of this matter may exceed a damages award.  *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (C.D. Cal. 2002).    Hourly rates that have been approved for employment cases average approximately $300 per hour, and 100 hours have been used for a "conservative estimate." *See Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, *6 (C.D. Cal. Mar. 3, 2015) ("This Court and others have held that a reasonable rate for employment cases is $300 per hour. Recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in this case may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour).").  *See also Ponce*, 2015 WL 4554336 at *4 (same).

/ / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL

20.    The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

21.    Plaintiff also seeks open-ended relief as "such other and further relief as this Court may deem just and proper." (Compl. at Prayer for Relief, Ex. A.) Although uncertain in amount, this additional damages claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.)

22.    Defendant denies that Plaintiff's claims have any merit. Defendant also denies that Plaintiff suffered any damages. However, when the relief sought (*i.e.*, compensatory damages (lost wages and other losses according to proof), unpaid premium payments, statutory penalties, attorneys' fees and costs, and such other relief as the court finds proper) is taken as a whole, the amount in controversy for Plaintiff's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs.

/ / /

WSACTIVELLP:14028782.1

7

23. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## IV.    THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

24. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached to this notice and the declaration of Hilda Aguilar, all pleadings, process, orders, and all other filings in the state court action. (Aguilar Decl. ¶¶ 5-6, Ex. A.)

25. Plaintiff served a copy of the Complaint and the Summons on Defendant's agent for service of process on November 20, 2023. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

26. Defendant will promptly file and serve a notice of removal to the Clerk of Superior Court of California, County of Sacramento. (*See* Aguilar Decl. ¶ 9, Ex. D.)

27. As required by 28 U.S.C. §1446(d), Defendant will give notice of this removal to Plaintiff. (Aguilar Decl. ¶ 9, Ex. D.)

## V.    VENUE

28. This action was brought and is pending before the Superior Court of California, Sacramento County.

29. Sacramento County, California is located within the Eastern District of California.

30. Venue is proper pursuant to 28 U.S.C. § 84(c)(2) because this is the "district and division embracing the place where [Plaintiff's] action is pending." 28 U.S.C. §1441(a), & 1446(a).

## VI.    CONCLUSION

WHEREFORE, Defendant prays that the Court will remove this civil action from the Superior Court of the State of California, Sacramento County, to the United States District Court for the Eastern District of California. By removing the action to this Court, Defendant does not waive any defenses, objections, or motions

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:14028782.1                                8

DEFENDANT'S NOTICE OF REMOVAL

available to it under state or federal law.

Dated: December 20, 2023

Respectfully submitted,
FORD & HARRISON LLP

By: _____
ALLISON V. SAUNDERS
HILDA AGUILAR
Attorneys for Defendant,
SHRINERS HOSPITALS FOR CHILDREN

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL

**PROOF OF SERVICE**

I, Derek Cruz, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071.

On **December 20, 2023**, I served a copy of the following document(s) described below on the interested parties in this action, as follows:

**DEFENDANT SHRINERS HOSPITALS FOR CHILDREN'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1332, 1441, AND 1446**

| | |
|---|---|
| Edward Antonino, Esq. | Attorneys for Plaintiff, |
| LAW OFFICE OF EDWARD ANTONINO | CONSTANCE ("CONNIE") |
| 15760 Ventura Blvd., Suite 700 | MARSHALL-BIRDSONG |
| Encino, CA 91436 | |
| Telephone: (818) 995-9477 | |
| ea@ca-workers-rights.com | |

☐ **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I electronically served the documents on the date shown below to the e-mail addresses of the person listed above. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 20, 2023**, at Los Angeles, California.

_____
Derek Cruz