UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE ("CONNIE") MARSHALL-BIRDSONG,<br><br>Plaintiff,<br><br>vs.<br><br>SHRINERS HOSPITALS FOR CHILDREN, and DOES 1 through 30, inclusive,<br><br>Defendant. | CASE NO.: 2:23-cv-02971-MCE-DB<br>[Assigned to the Hon. Morrison C. England, Jr., Courtroom 7]<br><br>**ORDER GRANTING DEFENDANT SHRINERS HOSPITALS FOR CHILDREN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  March 7, 2024<br>Time:  10:00 a.m.<br>Place:  Courtroom 7<br><br>Action Filed:  October 17, 2023<br>Date of Removal:  December 20, 2023 |

Good causing having been shown, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 16) is GRANTED with leave to amend.

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.

///

///

1  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).  Rule 8(a)(2)
2  "requires only 'a short and plain statement of the claim showing that the pleader is
3  entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is
4  and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544,
5  555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint
6  attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual
7  allegations.  However, "a plaintiff's obligation to provide the grounds of his
8  entitlement to relief requires more than labels and conclusions, and a formulaic
9  recitation of the elements of a cause of action will not do."  Id. (internal citations
10 and quotations omitted).  A court is not required to accept as true a "legal
11 conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678
12 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough
13 to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555
14 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
15 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a
16 statement of facts that merely creates a suspicion [of] a legally cognizable right of
17 action")).

18      Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket
19 assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations
20 and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint,
21 it is hard to see how a claimant could satisfy the requirement of providing not only
22 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."
23 Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only
24 enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the
25 "plaintiffs . . . have not nudged their claims across the line from conceivable to
26 plausible, their complaint must be dismissed."  Id.
27 ///
28 ///

However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

Plaintiff's factual allegations are entirely conclusory and are not capable of stating a claim as to any of her causes of action. For example, Plaintiff does not allege how her religious beliefs prevented her from receiving the COVID vaccine, how she formulated her request for a religious exemption, why her request for such an exemption was denied, how being unvaccinated qualifies as a medical condition or disability, how she was denied meal and rest breaks, whether she ever requested reimbursement for business expenses, and how and when her request for her personnel records was made.

///

Accordingly, Defendant's Motion to Dismiss (ECF No. 16) is GRANTED with leave to amend. Not later than twenty (20) days following the date this Order is electronically filed, Plaintiff may, but is not required to, file a second amended complaint ("SAC"). If no SAC is timely filed, this action will be dismissed without leave to amend upon no further notice to the parties.

Dated: February 21, 2024

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE